ADELAIDE L. DE LUKACSEVICS et al.

*v.*

JULIA C. NAGLE et al.

[Decided March 5th, 1918.]

Sequestration of a husband's property and the appointment of a receiver thereof to secure alimony and maintenance in a divorce case does not divest him of all interest in the property. A judgment creditor in such case may sell such interest as the husband still possesses.

On bill, &c.

*Mr. Frederick S. Taggart,* for the complainants.

*Messrs. Lintott, Kahrs & Young,* for the defendants.

LANE, V. C.

Adelaide L. de Lukacsevics, one of the complainants, commenced proceedings in this court to obtain a divorce from her husband. On January 29th, 1917, an order was made, and a writ of sequestration issued under the provisions of the twenty-fifth section of the Divorce act of 1907, which reads as follows:

"Pending a suit for divorce or nullity, or after decree of divorce, it shall be lawful for the court of chancery to make such order touching the alimony of the wife, and also touching the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall be rendered fit, reasonable and just, and to require reasonable security for the due observance of such orders, and upon neglect or refusal to give such reasonable security as shall be required, or upon default in complying with the order, to award and issue process for the immediate sequestration of the personal estate, and the rents and profits of the real estate of the party so charged, and to appoint a receiver thereof, and cause such personal estate and the rents and profits of such real estate, or so much thereof as shall be necessary, to be applied toward such alimony and maintenance as to the said court shall from time to time seem reasonable and just, and to enforce the performance of the said orders by such other lawful ways and means as is usual, and according to the course and practice of the court of chancery." * * *

The writ was immediately executed by the sheriff and subsequently a receiver was appointed who went into possession of certain of the real and personal property of de Lukacsevics and who has continued in possession. On February 16th, 1917, judgment was obtained by the defendant Nagle against Charles de Lukacsevics for $21,352.86, and on March 4th an execution out of the supreme court issued. On May 4th, 1917, a decree *nisi* was granted in favor of Adelaide de Lukacsevics against Charles de Lukacsevics, which decree was made by its express terms a lien upon the personal property and real estate of de Lukacsevics.

The bill filed by Mrs. de Lukacsevics and the co-complainant, who is the receiver, charges that the judgment of Mrs. Nagle was obtained in collusion with Charles de Lukacsevics for the purpose of defrauding Mrs. de Lukacsevics; that it represents no real indebtedness; that at most the indebtedness it represents is in the neighborhood of $9,000, and prays that the defendant Nagle should be restrained from proceeding at law to collect the amount of the judgment out of the real property of the defend-

ant de Lukacsevics in the possession of the receiver appointed by this court in the divorce proceedings. I have already found that there is not sufficient evidence to indicate that there was not a real debt due from de Lukacsevics to Mrs. Nagle and that the judgment was obtained for the purpose of defrauding Mrs. de Lukacsevics. It is conceded by counsel for Mrs. Nagle that as against Mrs. de Lukacsevics the judgment should not be enforced for a sum in excess of $9,000, and a decree will be advised so providing.

I cannot yield to the insistence of counsel for the complainants that under the provision of the statute heretofore referred to the husband was divested of all interest in the property in question so that there was nothing left in him which might be sold under an execution at law.

I have considered the case of *Wood* v. *Price, 79 N. J. Eq. 1.* It seems to me that the defendant Nagle is entitled under the execution issued on her judgment to sell such interest as de Lukacsevics may still possess. What rights will be acquired by the purchaser may be a grave question. What they may be is a matter for future determination. *Close* v. *Close, 28 N. J. Eq. 472.*

Any relief other than that above indicated will be denied.